U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 9 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT EUGENE SPECK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-276-A |
| | § | |
| GARRETT WIGINTON, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The court has before it for consideration and decision the motion to dismiss or, alternatively, motion for judgment on the pleadings filed by defendants Garrett Wiginton ("Wiginton"), Chad Davis ("Davis"), Brent Blackmon ("Blackmon"), and Mitch Galvan ("Galvan"), individually and in their official capacities as officers of the City of Granbury, Texas ("City") Police Department. After having considered such motion, plaintiff's response, defendants' reply, plaintiff's live pleading, and pertinent legal authorities, the court has concluded that part of the relief sought by such motion should be granted, and that the remaining relief sought by such motion would more appropriately be sought by a motion for summary judgment.

I.

## The Allegations Made and Relief Sought by Plaintiff in His Current Pleading

This action was removed from state court.  After removal, plaintiff, Robert Eugene Speck, filed an amended pleading in response to an order directing him to replead in compliance with the requirements of the Federal Rules of Civil Procedure.  In brief, plaintiff alleged that:

Defendants Wiginton, Davis, and Blackmon are police officers with City.  Galvan is the Chief of Police of City.

On March 24, 2012, Wiginton, Blackmon, and Davis, as police officers of City, participated in the arrest of plaintiff at his residence.  All claims asserted by plaintiff arise from events that occurred as part, and as a result, of that arrest process.

Plaintiff alleged that the things Wiginton, Blackmon, and Davis did in the process of arresting him "was an excessive use of force and not objectively reasonable in such a situation and violated his Fourth, Fifth, and Fourteenth Amendments rights and his liberty without Due Process of law."  Pl.'s 1st Am. Pet. (Doc. 8) at 5, ¶ 25.  He also complained of the conduct of Wiginton, Blackmon, and Davis in taking him to jail, booking him in, and charging him with a Class C misdemeanor offense, in violation of plaintiff's due process rights.  Id., ¶ 26.

2

Plaintiff sued Wiginton, Blackmon, and Davis under 42 U.S.C. § 1983 for damages he suffered by reason of their conduct. Id., ¶ 27. In addition to actual damages, plaintiff sought an award of punitive damages and reasonable attorney's fees, as allowed by 42 U.S.C. § 1988, against Wiginton, Blackmon, and Davis. Id.

Plaintiff alleged that when Wiginton, Blackmon, and Davis arrested plaintiff, took him to jail, booked him in, and charged him with a misdemeanor offense, they "were acting under color of state law and local custom and usage of the City of Granbury Police Department." Id. at 4-5, ¶¶ 24-26.

The allegations of the pleading indicate that Galvan did not have a role in the arrest process or the post-arrest activities about which plaintiff complains, and that he was named as a defendant because of his position as Chief of Police of City. Plaintiff's allegations against Galvan are that he did not properly train City's officers. Id. at 4, ¶¶ 23 and 24. Plaintiff sought against Galvan the same relief he requested against Wiginton, Blackmon, and Davis. In addition, plaintiff sought a permanent injunction pursuant to 42 U.S.C. § 1983 against Galvan "to require him to properly train his respective officers to prevent a reoccurrence of the civil rights violations set forth herein." Id. at 5, ¶ 28.

II.

Grounds of Defendants' Motion
and
Plaintiff's Response

A.    Grounds of the Motion

Defendants assert that plaintiff's claims against them in their official capacities actually are claims against City, and that no facts are alleged that would cause City to be liable for the conduct of Wiginton, Davis, and Blackmon about which plaintiff complains.  Defendants contend that all official capacity claims should be dismissed because of the absence of allegations of fact that, if accepted as true, would make plausible any claim by plaintiff against City.  Defendants assert that because of the absence of any allegation that Galvan had any role in the events of which plaintiff complains, the individual claims against Galvan should be dismissed.

Plaintiff's claims based on the Fifth Amendment due process clause should be dismissed inasmuch as the Fifth Amendment applies only to the actions of the federal government, and not to actions of a municipal government.

Defendants urge that arresting an individual for a misdemeanor does not violate due process, and that plaintiff failed to allege a plausible claim for excessive force under the Fourth Amendment.  They assert that, moreover, plaintiff has

4

failed to plead facts that would indicate he suffered more than a de minimis injury.  Defendants also assert that the force utilized by defendants was not clearly excessive to the need and was not objectively unreasonable.  As to Blackmon, defendants assert that plaintiff's pleading does not allege that he applied any force against plaintiff, with the consequence that, in any event, the excessive force against him should be dismissed.

B.   Plaintiff's Response

Plaintiff does not take issue with defendants' assertion that plaintiff's Fifth Amendment claims are legally unmeritorious.  Beyond that, plaintiff's response, generally, is that plaintiff disagrees with the reasons given by defendants for granting their motion to dismiss.

III.

Analysis

A.   Standard for Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks and ellipsis omitted).  Although a complaint need

not contain detailed factual allegations, the "showing"

contemplated by Rule 8 requires the plaintiff to do more than

simply allege legal conclusions or recite the elements of a cause

of action.  Twombly, 550 U.S. at 555 & n.3.  Thus, while a court

must accept all of the factual allegations in the complaint as

true, it need not credit bare legal conclusions that are

unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,

556 U.S. 662, 669 (2009) ("While legal conclusions can provide

the framework of a complaint, they must be supported by factual

allegations.").

Moreover, to survive a motion to dismiss for failure to

state a claim under Rule 12(b)(6), the facts pleaded must allow

the court to infer that the plaintiff's right to relief is

plausible.  Id.  To allege a plausible right to relief, the facts

pleaded must suggest liability; allegations that are merely

consistent with unlawful conduct are insufficient.  Twombly, 550

U.S. at 566-69.  "Determining whether a complaint states a

plausible claim for relief . . . [is] a context-specific task

that requires the reviewing court to draw on its judicial

experience and common sense."  Iqbal, 556 U.S. at 679.

B.     Plaintiff's Fifth Amendment Due Process Claims Are Without
       Merit

       The court agrees with defendants that the Fifth Amendment's

due process clause does not apply unless the alleged violator is

the United States or a federal actor.   See Jones v. City of

Jackson, 203 F.3d 875, 880 (5th Cir. 2000); Morin v. Caire, 77

F.3d 116, 120 (5th Cir. 1996).   Therefore, all Fifth Amendment

due process claims are to be dismissed.

C.     The Official Capacity Claims Are Not Supported by
       Plaintiff's Pleading

       The official capacity claims are to be viewed as claims

against City.   See Kentucky v. Graham, 473 U.S. 159, 165 (1985).

In order successfully to assert a claim against City, plaintiff

would be obligated to allege facts that would establish that his

constitutional rights were violated by an employee or employees

of City and that the violation of his constitutional rights was

the result of an official policy or custom of City.   See In re

Foust, 310 F.3d 849, 861 (5th Cir. 2002); Piotrowski v. City of

Houston, 237 F.3d 567, 578 (5th Cir. 2001).   A single wrongful

act cannot constitute basis for an inference of a

constitutionally deficient policy.   Oklahoma City v. Tuttle, 471

U.S. 808, 823-24 (1985).   Plaintiff's pleading does not allege

facts from which it plausibly can be inferred that any of the

events of which plaintiff complains resulted from any policy or

custom of City.  His mere conclusory allegations on that subject are not sufficient.

For a cause of action against a municipality for inadequate training to be pleaded, the pleading must allege with particularity

> (1) the training and hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly caused the plaintiff's injury.

Baker v. Putnal, 75 F.3d 190, 200 (5th Cir. 1996).  In addition, plaintiff must allege that "an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. . . ."  City of Canton, Ohio v. Harris, 489 U.S. 378, 391 (1989).

Plaintiff's pleading contains no allegations from which the inference can be drawn that plaintiff has stated a plausible cause of action against City based on a theory of inadequate training.  To whatever extent plaintiff has attempted to assert a cause of action against Galvan individually based on inadequate training, it fails for the same reason, as well as for others that need not be discussed here.

Therefore, the motion to dismiss should be granted as to all the official capacity claims and all claims against Galvan. The dismissal of the official capacity claims is the equivalent of a dismissal of all claims that plaintiff could have asserted on the basis of the circumstances alleged in his petition against City as if he had pleaded those official capacity claims directly against City.

D.   Excessive Force Claims Against Blackmon Should Be Dismissed

The only fact alleged against Blackmon in plaintiff's description of facts common to all causes of action is that Blackmon joined Wiginton and Davis in handcuffing plaintiff while he was on the ground. Pl.'s 1st Am. Pet. (Doc. 8) at 3, ¶ 7. That allegation is insufficient to form the basis of an excessive force claim against Blackmon. Consequently, that claim should be dismissed.

IV.

Orders

For the reasons stated above,

The court ORDERS that defendants' motion to dismiss be partially granted, as stated herein, and otherwise denied.

The court further ORDERS that all claims and causes of action against Blackmon based on use of excessive force be, and are hereby, dismissed.

9

The court further ORDERS that all official capacity claims and causes of action asserted by plaintiff against Wiginton, Davis, Blackmon, and Galvan, which the court is considering to be claims against City, be, and are hereby, dismissed.

The court further ORDERS that all claims and causes of action asserted by plaintiff against Galvan be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals of plaintiff's claims and causes of action against Wiginton, Davis, Blackmon, and Galvan, in their official capacities, which the court deems to be claims against City, and plaintiff's claims and causes of action against Galvan, and hereby directs, entry of final judgment as to all such dismissals.

The court further ORDERS that from this point forward the only defendants in this action are Wiginton, Davis, and Blackmon

in their individual capacities and that the caption of this

action shall be:

    Robert Eugene Speck, Plaintiff,

    v.

    Garrett Wiginton, Chad Davis, and Brent Blackmon,
    Defendants.


    SIGNED August 19, 2014.

                                       _____
                                       JOHN McBRYDE
                                       United States District Judge